THE PEOPLE *v.* THOMAS A. SCOTT AND THOMAS McCORMICK.

TESTIMONY ON TRIAL FOR ARSON.—On a trial for arson, charged to have been committed by burning a building owned by a person named and in which he was residing, if no question is made by the defendant as to the right of such person to the possession of the land on which the building stood, testimony as to its ownership is irrelevant.

APPEAL from the County Court, City and County of San Francisco.

The defendants appealed.

The other facts are stated in the opinion of the Court.

*George W. Tyler*, for Appellants.

*J. G. McCullough, Attorney-General*, for the People.

By the Court, CURREY, C. J.:

The defendants were indicted with others for the crime of arson in the second degree, charged to have been committed in the daytime on the 16th of September, 1865, at the City and County of San Francisco. To the indictment they pleaded not guilty. They were convicted on the trial and each sentenced to the State Prison for two years.

The indictment set forth that the building burned by the defendants and others was the dwelling house of one Bartel B. Newman, in his occupation and possession when it was set on fire. There was testimony given on the trial to the effect that at the time the house was destroyed it belonged to Newman, who was then residing therein. Newman, who was sworn as a witness for the people, testified on cross examination that he bought eighty acres of the tract of land on which the house was situated of one Michael Cain. The counsel for the defendants then asked the witness the following question: "Do you know of a decision of the Supreme Court in the case of *Corryell* v. *Cain*, in reference to that land purchased by you as aforesaid?" The witness answered in substance that he had seen the papers in that case and read the title of the suit, but not the contents of the papers. The defendants' counsel then asked the witness to mention the papers which he had so seen. The District Attorney thereupon objected to the question, and the objection was sustained on the ground that the testimony sought was irrelevant, to which ruling the

26

defendants' counsel excepted.   This decision of the Court is the only ground of error assigned on defendants' behalf.

The record does not show, as the defendants' counsel seems to think, that there was any question upon the trial as to Newman's right to the possession of the land on which the house stood, even if the question of title and right of possession could be deemed and held of any force or relevancy in the case on trial, in any event.   As the case stands upon the record before us, we must hold, with the Judge of the Court below, that the evidence sought to be obtained was irrelevant.

Judgment affirmed.